# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2021

Lyle W. Cayce
Clerk

No. 19-30958

DANIEL LEE ROBINSON,

*Plaintiff—Appellant*,

*versus*

JAMES LEBLANC; TIM HOOPER; ERIC HINYARD; PREETY
SINGH; CRAIG WHITE; TODD BARRERE; DEMETRIUS BUTLER,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-491

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Daniel Lee Robinson, Louisiana prisoner # 127348, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 suit. The district court denied him leave to proceed IFP on appeal, certifying that this appeal was not taken in good faith.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30958

By moving to proceed IFP here, Robinson is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Robinson first challenges the district court's dismissal of some of his claims without prejudice for failure to exhaust administrative remedies. He argues that he was not required to make state-level filings before pursing those claims under the Americans with Disabilities Act (ADA). Pursuant to 42 U.S.C. § 1997e(a), Robinson was required to exhaust his administrative remedies for those claims, even if they were ADA claims, since they involved matters of prison life. *See Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). Additionally, Robinson's contention that his verbal and written requests for accommodation were adequate to exhaust his administrative remedies does not present a nonfrivolous issue for appeal, as those requests did not satisfy the rules of Louisiana's Administrative Remedy Procedure. *See Bargher v. White*, 928 F.3d 439, 446-47 (5th Cir. 2019).

With respect to his claims of lost property, Robinson has failed to adequately brief an argument challenging the district court's determination that Louisiana law provided him with adequate remedies to seek recovery of his property or reimbursement for its loss. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (recognizing that even pro se litigants must brief arguments in order to maintain them). Accordingly, he has not demonstrated a nonfrivolous issue for appeal regarding the district court's dismissal of his property claims with prejudice for failure to state a claim upon which relief may be granted.

No. 19-30958

The instant appeal is without arguable merit and is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.  Robinson's motion for leave to proceed IFP is DENIED. Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015).  Robinson is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).